## WHITING v. UNITED STATES.
### No. 7674.

United States Court of Appeals for the District of Columbia.

Argued April 10, 1941.

Decided May 19, 1941.

---

Warren E. Miller, of Washington, D. C., for appellant.

Edward M. Curran, U. S. Atty., and Wilbur C. Pickett and Thomas E. Walsh, all of Washington, D. C., for appellees.

Before GRONER, Chief Justice, and VINSON and EDGERTON, Associate Justices.

PER CURIAM.

This is a suit on a contract of government insurance on the life of Lieutenant Colonel Whiting. Appellant is the widow of the insured, who died June 24, 1938, and the suit is brought by her as executrix and as beneficiary in the policy, to recover disability benefits from September 30, 1934, to June 24, 1938, and a refund of premiums paid by Colonel Whiting during that period. The cause was submitted to the trial court upon an agreed statement of facts. The stipulation shows that Colonel Whiting during his active service in the army had taken out a policy of government insurance in the sum of $10,000 and that premiums were paid thereon through the month of May, 1937. At his death the policy was subject to a loan from the government of $2,802.-34. The Veterans' Administration found that he was totally disabled on March 12, 1937, and premiums paid by him subsequent to that date were refunded, and he received the monthly installments for the intervening fifteen months prior to his death. The commuted value of the remaining installments, amounting to $6,851.00, was paid to appellant as beneficiary.

The contention of the government was that the insurance contract had been fully performed both during insured's lifetime and after his death. The trial court dismissed the suit.

We agree with the court that, on the facts stipulated, no proceeding on the contract could be maintained. Insured first claimed total disability as of January, 1934 (the year of his retirement from active service). When the Veterans' Administration rejected this claim, he did not contest the decision. In 1937 he again claimed total disability, except that he placed the time in September, 1934, rather than in January as previously. The Veterans' Administration duly considered the new claim and rendered a decision on August 2, 1937, finding that insured became totally disabled on March 12 of that year and that he was not disabled prior to that date, with the result that his policy matured as of March 12, 1937. This decision was accepted by insured, and his policy was surrendered and properly indorsed and, as we have seen, premiums stopped and benefit payments continued until his death.

Without some showing of mistake or fraud or overreaching, or of inability on the part of insured to appreciate and understand the nature of his act, we think the acceptance by him of the rulings of the Veterans' Administration and his participation thereafter and until his death in the benefits, with the understanding that they were received in full of his rights under the policy, will now prevent his beneficiary or his estate from repudiating the agreement. The rights of neither the beneficiary nor the estate are greater than the rights of the insured, and such rights as he had he settled and fixed irrevocably when in 1937 he surrendered his policy, accepted monthly benefits, and was excused from premium payments. In addition to this, is also the fact that appellant herself, as beneficiary, requested and accepted the full commuted value of the policy in discharge of the government's obligation. To permit her now as executrix to claim benefit installments which she has received at least in part as beneficiary and which her deceased husband had first claimed and then waived by his acquiescence, would be altogether contrary to the fundamental rules of justice.

Affirmed.